UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GEORGE EUGENE CROSS,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN KAPLAN,<br><br>        Respondent. | No. CV 11-4383-CJC (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION AND TRANSFER** |

On May 20, 2011, petitioner filed a Petition for Writ of Habeas Corpus, in which he appears to challenge two state convictions -- a 2003 conviction in the Sacramento County Superior Court, and a 2011 conviction in the Orange County Superior Court in Case No. 06NF4190. Rather than listing any grounds for habeas relief or the supporting facts for such grounds as instructed by the habeas form, petitioner requests a stay and abeyance of this action, explaining that he is confused about the timeliness of his state court filings related to Case No. 06NF4190 and his "prior conviction." (See Petition at 2, 3; Petition Attachment at 2). For the reasons expressed below, it appears that the instant Petition is unexhausted, should be transferred, or both.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it is unclear if petitioner intends to challenge his conviction and/or sentence in Case No. 06NF4190. If that is his intention, it appears that petitioner has not yet exhausted any of his state remedies in the California courts, as his judgment in Case No. 06NF4190 was just issued this year. (See Petition at 2). Further, petitioner neither included any copies of state court filings relevant to his direct appeal of Case No. 06NF4190, nor indicated when his state remedies concerning that case were exhausted, if ever. As such, petitioner has not met his burden of demonstrating that he exhausted his available remedies with regard to his habeas claims concerning his conviction or sentence in Case No. 06NF4190.[1] See Brown, 669 F.2d at 158.

---

[1] To the extent petitioner still has a direct appeal or state habeas petition pending in state
(continued...)

Next, to the extent petitioner seeks herein to assert a habeas claim challenging his conviction and/or sentence from his 2003 Sacramento County Superior Court case, the action would be properly transferred to the Eastern District of California to consider such a claim. Where, as here, a habeas petitioner is in custody under the judgment and sentence of a state court in a state that contains two or more federal judicial districts, his application may be filed in the district court of either the district where he is confined or the district where he was convicted. 28 U.S.C. § 2241(d); see also 28 U.S.C. § 1391(b). The district court for the district wherein a petition for habeas corpus is filed may "in the exercise of its discretion and in furtherance of justice[,] ... transfer the [petition] to [another] district court for hearing and determination." 28 U.S.C. § 2241(d). Transfer of a habeas petition to the district where a petitioner was convicted and sentenced is appropriate under 28 U.S.C. § 2241(d) when the petition attacks the judgment of conviction or the sentence. See Bell v. Watkins, 692 F.2d 999, 1013 (5th Cir. 1982) (as amended) (where a habeas petition attacked his state murder conviction, the district court where defendant was confined did not abuse its discretion under 28 U.S.C. § 2241(d) in transferring the action to the district court in the district where the state trial took place); Laue v. Nelson, 279 F.Supp. 265, 266 (N.D. Cal. 1968) (ordering transfer of habeas proceedings under 28 U.S.C. § 2241(d) from district where petitioner was imprisoned to district where petitioner was convicted, where petitioner claimed that police coerced his confession).

Here, petitioner is apparently attacking his judgment in his 2003 Sacramento County Superior Court Case. (See Petition at 2; Petition Attachment). Since petitioner in his 2003 case was convicted and sentenced in Sacramento County which is located within the Eastern District

---

[1](...continued)
court challenging his conviction or sentence in Case No. 06NF4190, petitioner's state remedies are not exhausted with respect to that conviction or sentence. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court); see also Whitworth v. Lockyer, 2004 WL 231016, *1 (N.D. Cal. Jan. 30, 2004) ("If an appeal or collateral challenge of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of the state court action before his state remedies are considered exhausted, even where the issue to be raised in the petition for writ of habeas corpus has been finally settled in the state courts.").

of California (see 28 U.S.C. § 84(b)), the Eastern District of California, rather than the Central District of California, is the appropriate venue to consider petitioner's habeas claims pertaining to his 2003 Sacramento County Superior Court case. As such, the Court concludes that it would be within its discretion and in the interest of justice to transfer the instant Petition to the Eastern District of California to consider any claims pertaining to petitioner's 2003 conviction or sentence. 28 U.S.C. § 2241(d).

Furthermore, petitioner has failed to show that a stay of the instant Petition is warranted in this case. Under certain circumstances, a petition containing unexhausted claims may be stayed pursuant to either Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A stay pursuant to Rhines is appropriate only if: (1) the petitioner has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Rhines, 544 U.S. at 278; see also Wooten v. Kirkland, 540 F.3d 1019, 1022 (9th Cir. 2008), cert. denied, Wooten v. Horel, 129 S.Ct. 2771 (2009). In Kelly, the Ninth Circuit authorized a three-step procedure under which: (1) a petitioner files an amended petition deleting his unexhausted claims; (2) the district court stays and holds in abeyance the amended fully exhausted petition, allowing the petitioner to proceed in state court to exhaust the deleted claims; and (3) the petitioner later amends the federal habeas petition to reattach the newly exhausted claims to the original petition. King, 564 F.3d at 1135. Utilizing this procedure, a petitioner is allowed to amend his federal petition to reassert his newly exhausted claims only if upon exhaustion those claims are determined to be timely. Id. at 1140-41. A stay is appropriate under Kelly only when "*valid* claims would otherwise be forfeited." Kelly, 315 F.3d at 1070 (9th Cir. 2003) (emphasis added). As petitioner has failed to present any grounds for relief in the Petition, explain what (if any) steps he has taken to exhaust his state remedies, or fully explain why he filed this action before exhausting his claims, petitioner has not established that the Rhines or Kelly criteria (including that his unexhausted claims are potentially meritorious and valid) have been met here. Thus, the Court

4

cannot conclude at this point in the proceedings that a stay of this action is warranted. Accordingly, the Court **denies** petitioner's request for a stay of the proceedings **without prejudice**.

Since it appears that the Petition is unexhausted and/or should be transferred, and that a stay is not warranted in this action, **no later than June 17, 2011**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies, and/or transferred to the Eastern District of California. Petitioner is advised that his failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and follow Court orders.[2]

DATED: May 27, 2011

                                        PAUL L. ABRAMS
                            UNITED STATES MAGISTRATE JUDGE

---

[2] Moreover, petitioner did not properly complete his Petition because he used what appears to be a California court habeas form, rather than the form provided by the United States District Court for the Central District of California. Local Rule 83-16.1 requires that a petition for writ of habeas corpus "be submitted on the forms approved and supplied by the Court." Habeas forms are a procedural device which significantly aid the Court in processing the numerous habeas petitions presented to the Court. The habeas form used by the Central District of California is designed to aid petitioner to present the relevant information regarding his habeas claim(s) in a "simple, concise, and direct" manner, as required by Fed. R. Civ. P. 8(d). Accordingly, if the Court concludes that petitioner shows cause why the Petition should not be dismissed for the reasons discussed above, petitioner will be given an opportunity to file an Amended Petition using the proper habeas form.