JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GEORGE EUGENE CROSS, | No. CV 11-4383-CJC (PLA) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION FOR FAILURE TO PROSECUTE** |
| WARDEN KAPLAN, | |
| Respondent. | |

On May 20, 2011, petitioner filed a Petition for Writ of Habeas Corpus in this Court, in which he appeared to challenge two state convictions -- a 2003 conviction in the Sacramento County Superior Court, and a 2011 conviction in the Orange County Superior Court in Case No. 06NF4190. Rather than listing any grounds for habeas relief or the supporting facts for such grounds as instructed by the habeas form, petitioner requested a stay and abeyance of this action, explaining that he was confused about the timeliness of his state court filings related to Case No. 06NF4190 and his "prior conviction." (See Petition at 2, 3; Petition Attachment at 2). However, because petitioner failed to present any grounds for relief, explain what (if any) steps he had taken to exhaust his state remedies, or fully explain why he filed this action before exhausting his claims, it was not clear whether a stay of the Petition was warranted. See Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (authorizing stay of an unexhausted federal habeas petition where (1) the petitioner has good cause for his failure to exhaust his claims in state court;

(2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics).  It was also unclear from the information provided in the Petition if petitioner intended to challenge his conviction and/or sentence in Case No. 06NF4190.  If that is his intention, it appears that petitioner has not exhausted any of his state remedies in the California courts, as his judgment in Case No. 06NF4190 was just issued this year.  (See Petition at 2).  Further, petitioner did not include any copies of state court filings relevant to his direct appeal of Case No. 06NF4190, or indicate when his state remedies concerning that case were exhausted, if ever.  To the extent petitioner intended to attack his judgment in his 2003 Sacramento County Superior Court case, the United States District Court for the Eastern District of California (which includes Sacramento County (see 28 U.S.C. § 84(b)), rather than this District Court, is the appropriate venue to consider such habeas claims.  See 28 U.S.C. § 2241(d); see also 28 U.S.C. § 1391(b).  Additionally, petitioner did not properly complete his Petition because he used what appears to be a California court habeas form, rather than the form provided by the United States District Court for the Central District of California, as required by Local Rule 83-16.1.

In light of the above, on May 27, 2011, the Magistrate Judge ordered petitioner to show cause no later than June 17, 2011, why this habeas action should not be transferred to the District Court for the Eastern District of California, dismissed as unexhausted, or both.  Petitioner was specifically advised that his failure to respond to the Order to Show Cause by June 17, 2011, would result in the dismissal of this action for failure to prosecute and follow Court orders.

**To date, petitioner has failed to respond to the Order to Show Cause, and his time to do so has passed.**

## DISCUSSION

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [respondent]; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's conduct in failing to respond to the Magistrate Judge's May 27, 2011, Order to Show Cause hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal by advising petitioner in the May 27, 2011, Order that his failure to timely respond to the Order to Show Cause would result in dismissal of this

action. Nonetheless, petitioner has not responded to the Order to Show Cause or taken any steps to rectify the Petition's deficiencies highlighted above and addressed in greater detail in the May 27, 2011, Order.

Taking all of the above factors into account, dismissal for failure to prosecute and follow Court orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the May 27, 2011, Order.

In light of the foregoing, the Court finds that dismissal of this action is appropriate due to petitioner's failure to prosecute and comply with Court orders. IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

DATED: June 30, 2011

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE